# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DURANT, | |
| *Plaintiff*, | Civil Action No. 2:19-cv-562 |
| v. | Hon. Peter J. Phipps |
| RONALD SOFRANKO and SOFRANKO ADVISORY GROUPK, LLC, | |
| *Defendants*. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff's Notice of Dismissal Without Prejudice, ECF No. 15, seeks to dismiss one defendant, Ronald Sofranko, from this multi-defendant action pursuant to Rule 41(a)(1)(A)(i). That rule provides a process for dismissing an "action," and courts in other circuits have concluded that Rule 41 dismissal is appropriate only to dismiss the entire action, not individual defendants. *See, e.g., PTA–FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1307 (11th Cir. 2016); *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015); *Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 720 (5th Cir. 2010); *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961); *Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir. 1953); *DRFP, LLC v. Republica Bolivariana de Venezuela*, 945 F. Supp. 2d 890, 904 (S.D. Ohio 2013); *see generally* 9 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2362 (3d ed. Apr. 2019 Update). Some of those courts have identified other methods to dismiss individual defendants completely from a case, such as amendment pursuant to Rule 15(a), or misjoinder pursuant to Rule 21(a), or a court's inherent authority. *See Taylor*, 787 F.3d at 858 (Rule 15(a)); *Harvey Aluminum, Inc.*, 203 F.2d at 108 (Rule 21); *DRFP, LLC*, 945 F. Supp. 2d at 904 (Rule

15(a)); *Allen ex rel. Glens Falls Bldg. & Constr. Trades Council v. Indeck Corinth Ltd. P'ship*, 161 F.R.D. 233, 235 (N.D.N.Y. 1995) (inherent power).  The Third Circuit long ago determined that in a multi-defendant case, dismissal of all claims against a single defendant pursuant to Rule 41 rests in the sound discretion of the trial court.  *See Young v. Wilky Carrier Corp.*, 150 F.2d 764, 764 (3d Cir. 1945); *see also ECASH Techs., Inc. v. Guagliardo*, 35 F. App'x 498, 499 (9th Cir. 2002) ("Rule 41(a)(1), however, only applies to dismissals of all claims against a particular defendant, not to dismissals of less than all claims against that defendant.").

In light of that Third Circuit precedent, Rule 41 is the preferred method for dismissal of all claims against one defendant in a multi-defendant case.  That approach ensures the applicability of Rule 41's timing and consent provisions as applied to the individual defendant subject to dismissal, thus effectuating a central purpose of Rule 41, that of eliminating an absolute right to nonsuit.  *See Absolute Dismissal Under Federal Rule 41(a): The Disappearing Right of Voluntary Nonsuit*, 63 YALE L.J. 738, 738-39 (1954); *see also Van Leeuwen v. Bank of America, N.A.*, 304 F.R.D. 691, 692 (D. Utah 2015).  In addition, the interests of justice in this particular case would be served by the voluntary dismissal without prejudice of all claims against defendant Ronald Sofranko at this early stage of the proceedings.

For these reasons, IT IS HEREBY ORDERED that all claims in this action against defendant Ronald Sofranko are dismissed without prejudice.

BY THE COURT:

**July 15, 2019**　　　　　　　　　　　　　　*/s/ Peter J. Phipps*
**Date**　　　　　　　　　　　　　　　　　　PETER J. PHIPPS
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE